UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------ X
KENWOOD APPLIANCES LUXEMBOURG,  :  **DOCUMENT ELECTRONICALLY FILED**
S.A.,  :
  :
                Plaintiff,  :    CIVIL ACTION NO.: 2:10-cv-06356-SRC -
  :    MAS
      vs.  :
  :
HOME DEPOT U.S.A., INC., CHINA SINGFUN  :
ELECTRIC GROUP CO., LTD., KENWORLD  :    **ANSWER**
INTERNATIONAL CO., LTD.,  :
  :
             Defendants.  :
------------------------------------------------------------ X

       For its Answer to the Complaint (the "Complaint") of plaintiff Kenwood Appliances

Luxembourg, S.A. ("Kenwood"), defendant Home Depot U.S.A., Inc., by its attorneys, states

as follows:

<u>**THE PARTIES**</u>

      1.     Denies knowledge or information sufficient to form a belief as to the

allegations in Paragraph 1 of the Complaint.

      2.     Admits the allegations in Paragraph 2 of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 3 of the Complaint.

      4.     Denies knowledge or information sufficient to form a belief as to the

allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     Admits that Kenwood purports to rely on the statutes cited in Paragraph 5 of the Complaint, but denies the remaining allegations in Paragraph 5 of the Complaint.

6.     Admits that Kenwood purports to rely on the statute cited in Paragraph 6 of the Complaint, but denies the remaining allegations in Paragraph 6 of the Complaint.

7.     Admits that Home Depot conducts business within the State of New Jersey, but otherwise denies the allegations in Paragraph 7 of the Complaint and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint regarding China Singfun Electric Group Co., Ltd. ("China Singfun") and Kenworld International Co., Ltd. ("Kenworld International").

8.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint.

9.     Admits that Kenwood purports to rely on the statutes cited in Paragraph 9 of the Complaint and that Home Depot conducts business and sells Kenworld-branded products in this district, but otherwise denies the allegations in Paragraph 9 of the Complaint.

## FACTS COMMON TO ALL COUNTS

10.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint, except admits that Kenwood is listed as the owner of the trademark registration numbered 3,531,224.

11.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15.     Denies the allegations in Paragraph 15 of the Complaint, except admits that Home Depot has sold Kenwood-branded portable space heaters from 2003 through the present.

16.     Admits that the allegations contained in Paragraph 16 of the Complaint.

17.     Denies the allegations in Paragraph 17 of the Complaint, except admits that Home Depot sold Kenworld-branded heaters in stores along with other portable space heaters, including Kenwood-branded heaters and that Kenworld-branded heaters are offered for sale on the Home Depot website.

18.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint, except admits that the Kenworld-branded heaters are manufactured by China Singfun.

19.     Denies the allegations in Paragraph 19 of the Complaint, except admits that DeLonghi demanded that Home Depot cease and desist from using the Kenworld Mark and remove all Kenworld-branded products from Home Depot's shelves.

## FIRST CLAIM

20.     Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

21.     Denies the allegations contained in Paragraph 21 of the Complaint.

22.     Denies the allegations contained in Paragraph 22 of the Complaint.

23.     Denies the allegations contained in Paragraph 23 of the Complaint.

24.     Denies the allegations contained in Paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Complaint, except admits that beginning in 2010, Home Depot has sold Kenworld-branded space heaters manufactured by China Singfun.

27.     Denies the allegations contained in the first sentence of Paragraph 27 of the Complaint, and denies the allegations contained in the second sentence of Paragraph 27 of the Complaint because they consist of legal conclusions to which no response is required.

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Complaint or that Kenwood has been damaged or harmed in any manner whatsoever or that Kenwood is entitled to any remedy whatsoever.

30.     Denies the allegations contained in Paragraph 30 of the Complaint because they consist of legal conclusions to which no response is required.

## SECOND CLAIM

31.     Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

32.     Denies the allegations contained in Paragraph 32 of the Complaint because they consist of legal conclusions to which no response is required.

33.     Denies the allegations contained in Paragraph 33 of the Complaint.

34.     Denies the allegations contained in Paragraph 34 of the Complaint.

4

35.     Denies the allegations contained in Paragraph 35 of the Complaint or that Kenwood has been damaged or harmed in any manner whatsoever or that Kenwood is entitled to any remedy whatsoever.

## THIRD CLAIM

36.     Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

37.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38.     Denies the allegations contained in Paragraph 38 of the Complaint because they consist of legal conclusions to which no response is required.

39.     Denies the allegations contained in Paragraph 39 of the Complaint or that Kenwood has been damaged or harmed in any manner whatsoever or that Kenwood is entitled to any remedy whatsoever.

## FOURTH CLAIM

40.     Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

41.     Denies the allegations contained in Paragraph 41 of the Complaint.

42.     Denies the allegations contained in Paragraph 42 of the Complaint, expect to the extent that the allegations in Paragraph 42 are legal conclusions to which no response is required.

43.     Denies the allegations contained in Paragraph 43 of the Complaint because they consist of legal conclusions to which no response is required.

## ANSWER TO DEMAND FOR RELIEF

44.     Home Depot denies that Kenwood is entitled to the relief requested or to any relief, and denies all other allegations of the Complaint except as specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint, in whole or part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has suffered no damages.

### THIRD DEFENSE

Plaintiff cannot demonstrate any likelihood that the public has been confused as to source or affiliation.

### FOURTH DEFENSE

The public does not associate Kenworld-branded space heaters with Plaintiff.

### FIFTH DEFENSE

Plaintiff cannot demonstrate that Defendant's use of the Kenworld Mark is likely to cause dilution by blurring or tarnishment.

## SIXTH DEFENSE

Plaintiff cannot demonstrate that the Kenwood Mark used on space heaters is famous within the meaning of 15 U.S.C. § 1125(c).

## SEVENTH DEFENSE

Plaintiff is estopped from claiming any harm or damages.

## EIGHTH DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the doctrine of acquiescence.

## TENTH DEFENSE

Home Depot adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that Home Depot may share in or be entitled to assert such defense.


**WHEREFORE**, Home Depot respectfully requests judgment dismissing the Complaint in its entirety and awarding it its costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Michael R. Potenza___
Bruce P. Keller

bpkeller@debevoise.com
Michael Potenza
mpotenza@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000


*Attorneys for Defendants Home Depot U.S.A.,
Inc.*

Dated:  February 22, 2011

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------- X

KENWOOD APPLIANCES LUXEMBOURG,  :  **DOCUMENT ELECTRONICALLY FILED**
S.A.,  :
  :
        Plaintiff,  :  CIVIL ACTION NO.: 2:10-cv-06356-SRC -
  :  MAS
     vs.  :
  :
HOME DEPOT U.S.A., INC., CHINA SINGFUN  :
ELECTRIC GROUP CO., LTD., KENWORLD  :  **CERTIFICATION OF SERVICE**
INTERNATIONAL CO., LTD.,  :
  :
       Defendants.  :

----------------------------------------------------------- X

I hereby certify that on this 22nd day of February, 2011, I served the Answer of Defendant Home Depot U.S.A., Inc., electronically on:

     John R. Altieri, Esq.
     Attorney at Law
     25 East Salem Street
     P.O. Box 279
     Hackensack, New Jersey  07602-0279

     Brian Patrick Mitchell
     Pino & Associates, LLP
     50 Main Street, 16th Floor
     White Plains, NY  10606

I hereby certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                /s/ Michael R. Potenza
                MICHAEL R. POTENZA

Dated:  February 22, 2011