SFP: 2011-128
Ref:

## CERTIFICATE - ATTESTATION

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention
L'autorite soussignee a l'honneur d'attester conformenent a l'article 6 de ladite Convention.

**1) that the document has been served the (date) 10 February 2011**
**que le demande a ete executee      le (date)**

-at (place, street, number)          KENWORLD INTERNATIONAL CO., LTD
-a (localite, rue, numero)           MNB 2162 RM B 1/F
                                     LA BLDG 66 CORPORATION ROAD
                                     GRANGETOWN
                                     CARDIFF
                                     CF11 7AW

- in one of the following methods authorised by article 5:
-dans une des formes suivantes prevues a l'article 5:
a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the convention
selon les formes legales (article 5, alinea premier, lettre a)

**b) in accordance with the following particular**   Posted to the Registered Office address of
**method selon la forme particuliere suivante**      Company

c) by delivery to the addressee, who accepted it voluntarily
par remise simple
The documents referred to in the request have been delivered to:

Les documents mentionnes dans la demande ont ete remis a:
- (identity and description of person)
- (identite et qualite de la personne)

- relationship to the addressee (family, business or other)
- liens de parente de subordination ou autres avec
le desinataire de l'acts

2) that the document has not been served, by reason of the following facts:
que la demande n'a pas ete executee, en raison des faits suivants:


in conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay the expenses details in the attached statement.
Conformement a l'article 12, alinea 2 de ladite Convention, le requerant est prie de payer ou de rembourser les frais dont le detail figure au memoire ci-joint

Annexes
Documents returned
Pieces renvoyees

Done at London
fait a

in appropriate cases, documents
establishing the service:
le cas echeant, les documents
justicatifs de l'execution:

the 17 March, 2011
le

Signature and/or stamp:
Signature et/ou cachet:





| | |
|---|---|
| **HER MAJESTY'S COURTS SERVICE** hmcs | **ROYAL COURTS OF JUSTICE GROUP**<br>Queen's Bench Division<br>Foreign Process Section<br>Room E10<br>Royal Courts of Justice<br>Strand, London<br>WC2A 2LL<br><br>DX 44450 Strand<br><br>T 020 7947 6691/6327/6682/778/6488/1741<br>F 020 7947 6975<br>E ForeignProcess.RCJ@hmcourts-service.gsi.gov.uk<br><br>Text Phone 18001 020 7947 6691<br>(Helpline for the deaf and hard of hearing)<br><br>www.hmcourts-service.gov.uk |

**TO: THE BAILIFF SECTION**
Cardiff Civil Justice Centre
2 Park Street
Cardiff
South Wales
CF10 1ET
DX 99500 Cardiff 6

Our ref:  SFP 2011-128
Your ref: Foreign Process

Date: 4 February 2011

Dear Sir or Madam

## Re: Foreign Process Documents Returned For Clarification/ Substituted Service

**Party to be served: KENWORLD INTERNATIONAL CO., LTD**

With reference to the Service of Foreign Process No: SFP 2011-128, we are returning the Certificate of Service of Foreign Process for the following reasons:

**"This is the registered office of the defendant company. If there is no authorised officer, please serve by leaving the documents at the address"**

**Please note, it is vital that this is completed and returned as soon as possible.**

Yours faithfully,

Michelle Mileham
**Foreign Process Section**



Cardiff Civil Justice Centre
Received - Post
21652
0 7 FEB 2011
Fee £          Cheque / Cash



## Company Details

Name & Registered Office:
**KENWORLD INTERNATIONAL CO., LTD**
MNB 2162 RM B 1/F
LA BLDG 66 CORPORATION ROAD
GRANGETOWN
CARDIFF
CF11 7AW
**Company No. 06015763**

**Status**: Active
**Date of Incorporation**: 01/12/2006

**Country of Origin**: United Kingdom
**Company Type**: Private Limited Company
**Nature of Business (SIC(03))**:
7499 - Non-trading company
**Accounting Reference Date**: 31/12
**Last Accounts Made Up To**: 31/12/2009  (DORMANT)
**Next Accounts Due**: 30/09/2011
**Last Return Made Up To**: 01/12/2009
**Next Return Due**: 29/12/2010 OVERDUE
**Last Members List**: 01/12/2009
**Previous Names:**
No previous name information has been recorded over the last 20 years.
**UK Establishment Details**
There are no UK Establishments associated with this company.
**Oversea Company Info**
There are no Oversea Details associated with this company.

ZURUCKSENDEN - TO RETURN
retourner - de restituer

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

John R. Altieri, Esq., 25 East Salem Street, P.O. Box 279, Hackensack, New Jersey 07602

**Particulars of the parties:**
*Identité des parties:*

Plaintiff, Kenwood Appliances, Luxembourg, S.A., Defendant, Kenworld International Co., LTD

### JUDICIAL DOCUMENT
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

Civil Summons and Complaint, for Monetary Damages

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

Civil Cause of Action against Defendants for trademark infringement, for Monetary Damages

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

Within twenty-one (21) days of service, appearance by service of an Answer, USDC, District of New Jersey

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

Not Applicable

**Date of judgment**:**
*Date de la décision:*

Not Applicable

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

Within twenty-one (21) days of service, an Answer must be served on plaintiff or plaintiff's attorney

### EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

**Time limits stated in the document:****
*Indication des délais figurant dans l'acte:*

Case 2:10-cv-06356-SRC-MAS Document 13 Filed 03/25/11 Page 5 of 17 PageID: 65
Case 2:10-cv-06356-SRC-MAS Document 3 Filed 12/13/10 Page 1 of 3 PageID: 19
Case 2:10-cv-06356-SRC-MAS Document 3 Filed 12/13/10 Page 1 of 3 PageID: 16

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**KENWOOD APPLIANCES LUXEMBOURG, S.A.,**
*Plaintiff*

V.

**SUMMONS IN A CIVIL CASE**

CHINA SINGFUN ELECTRIC GROUP CO., LTD., ET AL

*Defendant*

CASE NUMBER: 2:10-CV-06356-SRC-MAS

TO: *(Name and address of Defendant):*

> Kenworld International Co., LTD.
> MNB 2162 RM B 1/F
> LA BLDG 66 Corporation Road
> Grangetown, Cardiff
> CF11 7AW

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> JOHN R. ALTIERI
> Attorney at Law
> 25 East Salem Street
> P.O. Box 279
> Hackensack, New Jersey 07602-0279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**WILLIAM T. WALSH**
CLERK



**DIANNE C. RICHARDS**

(By) DEPUTY CLERK

ISSUED ON 2010-12-13 13:01:05.0, Clerk
USDC NJD

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me (1) | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify) : _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                Date                    *Signature of Server*

                                        _____
                                        *Address of Server*

JOHN R. ALTIERI                                         Document Electronically Filed
Attorney at Law
25 East Salem Street
P.O. Box 279
Hackensack, New Jersey  07602-0279
(201) 343 – 6525

and

Pino & Associates, LLP
50 Main Street, 16th Floor
White Plains, NY  10606
(914) 946-0600
Attorneys for Plaintiff
Kenwood Appliances Luxembourg, S.A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------X
KENWOOD APPLIANCES LUXEMBOURG,   :
S.A.,                             :    CIVIL ACTION NO.:
                                  :
            Plaintiff,            :
                                  :
                                  :    **COMPLAINT**
     vs.                          :
                                  :
                                  :
HOME DEPOT U.S.A., INC., CHINA SINGFUN :
ELECTRIC GROUP CO., LTD., KENWORLD :
INTERNATIONAL CO., LTD.,          :
                                  :
            Defendants.           :
                                  :
-----------------------------------X

Plaintiff, KENWOOD APPLIANCES LUXEMBOURG, S.A., by and through the undersigned counsel, as and for a Complaint against Defendants, HOME DEPOT U.S.A., INC.,

253848.1

CHINA SINGFUN ELECTRIC GROUP CO., LTD., KENWORLD INTERNATIONAL CO., LTD., alleges as follows:

## THE PARTIES

1. Kenwood Appliances Luxembourg, S.A. (hereinafter, "Kenwood") is a corporation organized and existing under the laws of Luxembourg.

2. Home Depot U.S.A., Inc. (hereinafter, "Home Depot") is a corporation organized and existing under the laws of the State of Delaware.

3. China Singfun Electric Group Co., Ltd. (hereinafter, "China Singfun") is a Private Limited Company organized and existing under the laws of the People's Republic of China.

4. Kenworld International Co., Ltd. (hereinafter, "Kenworld") is a corporation organized and existing under the laws of the United Kingdom.

## JURISDICTION AND VENUE

5. As this action arises under the Lanham Act, 15 U.S.C. §§ 1051-1127, this Court has original jurisdiction pursuant to 15 U.S.C. 1121(a) and 28 U.S.C. §1331.

6. This action also involves claims premised on New Jersey law, for which jurisdiction is conferred by 28 U.S.C. §1367(a).

7. This Court can properly exercise personal jurisdiction over all defendants because each transacts substantial business within the State of New Jersey, including but not limited to the sale within the State of the infringing products here at issue.

8. Venue is proper, as to Defendants China Singfun and Kenworld, in accordance with 28 U.S.C. § 1391 (d).

9. Venue is proper, as to Defendant Home Depot, in accordance with 28 U.S.C. §§ 1391(b)(2), 1391(c), because Defendant Home Depot conducts substantial business within this district, sells in this district the Kenworld-branded products here at issue, and is subject to personal jurisdiction with this district.

## FACTS COMMON TO ALL COUNTS

10. Kenwood is the owner of the trademark registration number 3,531,224, for the mark "Kenwood" (hereinafter, the "Mark"), which was registered November 11, 2008, on the Principal Register maintained by the U.S. Patent & Trademark Office.

11. The Mark was first used in 1950, in the United Kingdom (UK) and throughout Europe, in connection with the marketing and sale of the blockbuster product known as the Kenwood Chef, a food mixer. The Mark was first registered for this use in the UK on November 19, 1952. The Mark was registered for this use in the U.S. on November 7, 1978 (no. 1,105,479). The Mark was again registered in the United States on June 9, 1998 (no. 2,164,799), this time not only for use in connection with the food mixer, but in connection with the acclaimed and ever-expanding line of Kenwood appliances, including food processors, blenders, can openers, juice machines, coffee machines, coffee grinders, clothes irons, ice cream makers, toasters, and electric grills. In connection with the goods just mentioned, the Mark has now been in continuous use in the United States since December 1996. Kenwood and its affiliates have

expended tens of millions of dollars in promoting and advertising the Mark, and have in the process earned an enviable degree of customer recognition, support, and goodwill.

12. Kenwood is a member of the DeLonghi Group, headed by DeLonghi S.p.A. (hereinafter, "DeLonghi"). DeLonghi acquired Kenwood in 2001, and acquired with it Kenwood's manufacturing plants in China.

13. In early 2003, DeLonghi retained China Singfun, Defendant herein, to manufacture portable space heaters bearing the Kenwood trademark.

14. DeLonghi has sold Kenwood-branded portable space heaters in the U.S. and throughout the world continuously from 2003 through the present.

15. DeLonghi has supplied and sold Kenwood-branded portable space heaters to Home Depot continuously from 2003 through the present.

16. At some point in the year 2010, Home Depot began offering for sale a portable space heater marketed and sold under the "Kenworld" brand.

17. These "Kenworld"-branded heaters are sold in Home Depot stores beside, adjacent to, or near Kenwood-branded heaters. Home Depot advertises, promotes, and sells the Kenworld-branded space heaters on its website, in its print advertisements and circulars, and in its in-store displays.

18. These "Kenworld"-branded heaters are manufactured by Defendant China Singfun, and distributed by Defendant Kenworld.

19. Immediately upon discovering this infringing use, DeLonghi and Kenwood demanded that the defendants cease immediately all sale and use of the infringing "Kenworld"

mark and product, and that all "Kenworld"-branded products be removed immediately from Home Depot's shelves. The defendants have failed and refused to do so.

## AS AND FOR A FIRST CLAIM

20. Plaintiff repeats, reiterates, and re-alleges all preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

21. The Kenwood mark has been, and continues to be, known throughout the United States and the world as identifying and distinguishing Plaintiff's goods in the small appliance and space heater market.

22. The Kenwood mark is inherently distinctive, and is well known throughout the world as a signifier of the exceptional products manufactured and sold by Plaintiff and its affiliates.

23. Without the authorization or consent of Plaintiff, and with full knowledge of Plaintiff's rights in and to the Kenwood mark, Defendants have used, and continue to use, a mark that is confusingly similar to, and is a colorable imitation of, the Kenwood mark.

24. Without the authorization or consent of Plaintiff, and with full knowledge of Plaintiff's rights in and to the Kenwood mark, Defendant Home Depot has sold, and continues to sell, a product confusingly similar to the Kenwood-branded product.

25. Defendants China Singfun and Kenworld knew that their adoption and use of the Kenworld mark would cause or be likely to cause confusion or mistake among the public as to the source, affiliation, or origin of their goods. Indeed, having previously manufactured Kenwood-branded space heaters for DeLonghi, China Singfun's adoption and use of the

-5-

confusingly similar "Kenworld" brand – on the very same product - reveals an intent to deceptively mislead consumers.

26. Defendant Home Depot has since 2003 contracted with DeLonghi for DeLonghi to supply Kenwood-branded portable space heaters for sale at Home Depot stores. Defendant Home Depot knew that Defendant China Singfun had previously manufactured Kenwood-branded space heaters for DeLonghi; indeed, Defendant Home Depot had previously sold within its stores Kenwood-branded space heaters manufactured by Defendant China Singfun. Notwithstanding this knowledge, and notwithstanding its longstanding relationship with Plaintiff and DeLonghi, Defendant Home Depot agreed to and did contract with Defendant China Singfun for Home Depot to sell within its stores the infringing "Kenworld"-branded space heaters, and for Home Depot to advertise and promote the infringing "Kenworld"-branded space heaters.

27. The use of this "Kenworld" mark has caused, and will continue to cause, confusion, mistake, or deception among the general public as to the source or origin of the subject space heaters. Defendants' conduct is likely to deceive the general public into believing that the infringing goods originate from, are associated with, or are otherwise authorized by Plaintiff, rendering Defendants liable pursuant to 15 U.S.C.A. §1125(a).

28. By using in connection with this product a mark that is confusingly similar to the Kenwood mark, Defendants are depriving Plaintiff of its exclusive right to control and benefit from its trademarks.

29. Plaintiff has been, and continues to be, damaged by the Defendants' activities and conduct. Defendants have wrongly profited thereby and, unless their infringing conduct is

enjoined, Kenwood's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

30. The intentional nature of the aforementioned acts of the Defendants makes this an exceptional case, pursuant to 15 U.S.C.A. § 1117(a).

## AS AND FOR A SECOND CLAIM

31. Plaintiff repeats, reiterates, and re-alleges all preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

32. The Mark is famous within the meaning of 15 U.S.C. § 1125(c).

33. Defendants' use of the "Kenworld" mark and trade name is likely to cause dilution by blurring of the Kenwood Mark.

34. Defendants' use of the "Kenworld" mark and trade name is likely to decrease the distinctiveness and value of the Kenwood Mark, and the reputation and goodwill of the Plaintiff and its affiliates.

35. Plaintiff has no adequate remedy at law for the aforementioned damages. Plaintiff has suffered irreparable damage already, and will continue to suffer irreparable damage, unless and until an injunction is issued.

## AS AND FOR A THIRD CLAIM

36. Plaintiff repeats, reiterates, and re-alleges all preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

-7-

253848.1

37. Since 2003, Plaintiff has marketed, distributed, delivered, and sold its portable space heater product throughout New Jersey, and throughout the other States, and has done so under the Kenwood mark. The Kenwood mark is prominently displayed on the product, on the product packaging, and in the product promotional and advertising materials. The Kenwood mark is used to distinguish Plaintiff's product from that of other manufacturers and sellers.

38. Defendant's use of the "Kenworld" mark and trade name constitutes an intentional infringement of Plaintiff's Kenwood mark, in violation of N.J.S.A. § 56:3-13.16, and further constitutes unlawful dilution of Plaintiff's Kenwood mark, under N.J.S.A. § 56:3-13.20.

39. Plaintiff has no adequate remedy at law for the aforementioned damages. Plaintiff has suffered irreparable damage already, and will continue to suffer irreparable damage, unless and until an injunction is issued.

## AS AND FOR A FOURTH CLAIM

40. Plaintiff repeats, reiterates, and re-alleges all preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

41. With knowledge of, and indifference to, Plaintiff's exclusive interest in the Mark, Defendants have marketed, distributed, delivered, sold, advertised, and promoted (or caused to be marketed, distributed, delivered, sold, advertised, and promoted) within the State of New Jersey, and elsewhere, a product bearing a mark confusingly similar to the Plaintiff's Mark, and have thereby appropriated for their own use the reputation and goodwill imbued in Plaintiff's Mark.

42.     The actions of Defendants were committed with the intention of passing off or palming off the offending "Kenworld" product as if such product were that of Plaintiff, or were sponsored or endorsed by Plaintiff, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of New Jersey.

43.     Defendants' acts constitute unfair trade practices, unfair competition, and trademark infringement, pursuant to N.J.S.A. §56:4-1, *et seq.*, and under the common law of the State of New Jersey.

## DEMAND FOR RELIEF

44.     **WHEREFORE**, Kenwood is entitled to, and does hereby respectfully demand, judgment in its favor on all counts, providing for the following relief:

(i)     preliminarily and permanently enjoining Defendants, and their affiliates, agents, parents, subsidiaries, representatives, successors, predecessors, and assigns, from selling, distributing, advertising, promoting, delivering, shipping, or otherwise placing in the stream of commerce any space heater products bearing the infringing "Kenworld" mark;

(ii)    preliminarily and permanently enjoining Defendants, and their affiliates, agents, parents, subsidiaries, representatives, successors, predecessors, and assigns, from selling, distributing, advertising, promoting, delivering, shipping, or otherwise placing in the stream of commerce any other products bearing the infringing "Kenworld" mark, including especially any products within the same class or category of goods;

(iii) an accounting of all of the profits derived by all Defendants from the unlawful use of this "Kenworld" mark, and an award of said profits to Plaintiff;

(iv) an award of all actual damages incurred by Plaintiff, plus the award of three times its actual damages;

(v) an award of Plaintiff's reasonable attorneys' fees;

(vi) an award of prejudgment interest and court costs; and

(vii) such other and further relief as the Court deems necessary, just and proper.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.

Dated: December 8, 2010

/s/ John R. Altieri
JOHN R. ALTIERI
and
Rudolph V. Pino, Jr.
Matthew D. Kennedy
PINO & ASSOCIATES, LLP
Westchester Financial Center
50 Main Street
White Plains, New York 10606
(914) 946.0600
**Attorney for Plaintiff**
KENWOOD APPLIANCES LUXEMBOURG, S.A.