UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------ X
KENWOOD APPLIANCES LUXEMBOURG, :
S.A., :
                                                                     :    Civil Action No.: 2:10-cv-06356-SRC-MAS
                         Plaintiff, :
                                                     :    Hon. Stanley R. Chesler
         vs. :
                                                     :    **PROPOSED JOINT DISCOVERY PLAN**
HOME DEPOT U.S.A., INC., CHINA SINGFUN :
ELECTRIC GROUP CO., LTD., KENWORLD :
INTERNATIONAL CO., LTD., :
                                                     :
                         Defendants. :
------------------------------------------------------------ X

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    Kenwood Appliances Luxembourg, S.A.     Home Depot U.S.A., Inc.

    JOHH R. ALTIERI     DEBEVOISE & PLIMPTON LLP
    Attorney at Law     Bruce P. Keller
    25 East Salem Street     Michael R. Potenza
    P.O. Box 279     919 Third Avenue
    Hackensack, New Jersey 07602-0279     New York, New York 10019
    Telephone: (201) 343-6525     Telephone: (212) 909-6000
    Facsimile: (201) 343-5614     Facsimile: (212) 909-6836
    email: jaltieri@verizon.net     email: bpkeller@debevoise.com
                                                      email: mpotenza@debevoise.com

            and

    RUDOLPH V. PINO, JR.
    MATTHEW D. KENNEDY
    BRIAN P. MITCHELL
    PINO & ASSOCIATES, LLP
    Westchester Financial Center
    50 Main Street
    White Plains, New York 10606
    Telephone: (914) 946-0600
    Facsimile: (914) 946-0650
    email: rpino@pinolaw.com
    email: mkennedy@pinolaw.com
    email: bmitchell@pinolaw.com

23414609v2
255954.1

2. Set forth a factual description of the case, include the causes of action and affirmative defenses asserted.

> This case arises under the Lanham Act, 15 U.S.C. §§ 1051-1127, for trademark infringement. In sum, Plaintiff, Kenwood Appliances Luxembourg, S.A. (hereinafter, "Kenwood"), alleges that Defendants, Home Depot U.S.A., Inc. (hereinafter, "Home Depot"), China Singfun Electric Group Co., Ltd. (hereinafter, "China Singfun"), and Kenworld International Co., Ltd. (hereinafter, "Kenworld") intentionally engaged in infringing conduct upon the "KENWOOD" trademark by the alleged infringing use of the alleged "KENWORLD" trademark.
>
> In sum, Kenwood alleges the following causes of action: (1) Defendants' use of the "KENWORLD" mark intentionally causes confusion, mistake, and deception among the general public rendering Defendants liable under 15 U.S.C. § 1125(a) and renders this an exceptional case under 15 U.S.C. § 1117(a); (2) Defendants' use of the "KENWORLD" mark causes dilution of the famous "KENWOOD" trademark as defined under 15 U.S.C. § 1125(c) decreasing the distinctiveness, value, reputation, and goodwill; (3) Defendants' use of the "KENWORLD" mark and trade name constitutes an intentional and unlawful infringement of the "KENWOOD" trademark under N.J.S.A. § 56:3-13.16 and unlawful dilution under N.J.S.A. § 56:3-13.20; (4) Defendants' acts constitute unfair trade practices, unfair competition, and trademark infringement pursuant to N.J.S.A. § 56:4-1 *et seq.* and New Jersey common law.
>
> Home Depot asserts the following affirmative defenses: (1) the Complaint fails to state a claim for which relief may be granted; (2) Plaintiff has suffered no damages; (3) Plaintiff cannot demonstrate any likelihood that the public has been confused as to source or affiliation; (4) the public does not associate Kenworld-branded space heaters with Plaintiff; (5) Plaintiff cannot demonstrate that Home Depot's use of the Kenworld Mark is likely to cause dilution by blurring or tarnishment; (6) Plaintiff cannot demonstrate that the Kenwood Mark used on space heaters is famous within the meaning of 15 U.S.C. § 1125(c); (7) Plaintiff is estopped from claiming any harm or damages; (8) Plaintiff's complaint is barred by the doctrine of laches; (9) Plaintiff's complaint is barred by the doctrine of acquiescence. Defendant Home Depot also adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that Home Depot may share in or be entitled to assert such defense.

3. Has this action been: Settled: ____No_____ Discontinued: _____No_____
   If so, has there been a Stipulation/Dismissal filed?
   Yes _____ No _____

4. Have settlement discussions taken place? Yes _____ No ___X____

   If so, when? _____

   (a) What was the plaintiff's last demand?

      (1)       Monetary demand: $ _____

      (2)       Non-monetary demand: _____

   (b) What was defendant's last offer?

      (1)       Monetary demand:  $ _____

      (2)       Non-monetary demand:  _____

5. The parties [have __X__ have not _____] exchanged the information required by Fed. R. Civ. P. (26)(a)(1).  If not, state the reason therefore.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

      None.

7. The parties [have _____ have not ___X___] conducted discovery other than the above disclosures.  If so describe.

8. The parties [have __X__ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

   (a) If not, state the reason therefore.

      Not applicable.

   (b) If so, state the date of the meeting and persons in attendance.

      Mike Potenza and Rudolph Pino met on April 18, 2011.

9. The following [is __X__ is not _____] a proposed joint discovery plan.

    (a) Discovery is needed on the following subjects:

Use of the "KENWORLD" mark by Home Depot and the promotion, advertising, and sale of space heaters sold under the "KENWORLD" mark. The level of recognition and goodwill enjoyed by Plaintiff's mark. The purported likelihood of confusion between Plaintiff's space heaters and "KENWORLD"-branded space heaters. Damages or lost sales as a result of space heaters sold under the "KENWORLD" mark.

    (b) Discovery [_____ should not __X__] be conducted in phases or be limited to particular issues. If so, explain.

        No.

    (c) Maximum of 25 Interrogatories by each party to each other party.

    (d) Maximum of 10 depositions to be taken by each party.

    (e) Plaintiff's expert report due on February 15, 2012.

    (f) Defendant's expert report due on March 15, 2012.

    (g) Motions to amend or to add parties to be filed by September 15, 2011.

    (h) Dispositive motions to be served within 60 days of completion of discovery.

    (i) Factual discovery to be completed by December 15, 2011.

    (j) Expert discovery to be completed by May 1, 2012.

    (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders.

        Plaintiff and Defendant Home Depot U.S.A., Inc. may request confidentiality orders.

    (l) A pretrial conference may take place on June 15, 2012

    (m) Trial date: July 16, 2012 (_X_ Jury Trial; ____Non-Jury Trial).

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes_____ No __X__.

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No __X__.

    If so how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding the same, including costs of discovery, production, related software, licensing agreements, etc.

12. Do you anticipate any discovery problem(s) not listed above? Describe.
Yes _____ No __X__.

13. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ.R. 201.1 or otherwise), mediation (pursuant to L. Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc).

    This case may be appropriate for mediation.

14. Is this case appropriate for bifurcation? Yes _____ No __X__

15. An interim status/settlement conference (with clients in attendance), should be held in _____April 16, 2012_____.

16. We [do _____ do not __X__] consent to the trial being conducted by a Magistrate Judge.

                                                  s/ Brian P. Mitchell   /   April 19, 2011
                                                               Attorney(s) for Plaintiff

                                                              s/ Michael R. Potenza   /   April 19, 2011
                                                             Attorney(s) for Defendant,
                                                             Home Depot U.S.A., Inc.