Document Electronically Filed

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------X
KENWOOD APPLIANCES LUXEMBOURG,
S.A. and DE'LONGHI AMERICA, INC.,

            Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., CHINA SINGFUN
ELECTRIC GROUP CO., LTD., and KENWORLD
INTERNATIONAL CO., LTD.,

            Defendants.
------------------------------------X

Civil Action No.: 10-cv-06356 (SRC)(MAS)

**STIPULATION FOR AMENDMENT**

      **IT IS HEREBY STIPULATED AND AGREED**, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, by and among the undersigned counsel, that Plaintiffs, KENWOOD APPLIANCES LUXEMBOURG, S.A. and DE'LONGHI AMERICA, INC., may file on or before June 13, 2011, a First Amended Complaint, which names DE'LONGHI AMERICA, INC. as an additional Plaintiff among other minor revisions. A copy of the proposed First Amended Complaint is attached hereto.

256617.1

**IT IS FURTHER STIPULATED AND AGREED** that this stipulation may be executed in counterparts and filed with the Court without further notice to the other parties.

JOHN R. ALTIERI
Attorney at Law
25 East Salem Street
P.O. Box 279
Hackensack, New Jersey 07602-0279
Telephone: (201) 343-6525
Facsimile: (201) 343-5614

and

PINO & ASSOCIATES, LLP
Westchester Financial Center
50 Main Street, 16th Floor
White Plains, New York 10606
Telephone: (914) 946-0600
Facsimile: (914) 946-0650
**Attorneys for Plaintiffs**
**KENWOOD APPLIANCES LUXEMBOURG, S.A.**
**and DE'LONGHI AMERICA, INC.**

Bruce Keller, Esq.
Michael R. Potenza, Esq.
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
**Attorney for Defendant,**
**HOME DEPOT U.S.A., INC.**

TO:    Trent S. Dickey, Esq.
Daniel A. Lebersfeld, Esq.
SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
**Attorneys for Defendants, CHINA SINGFUN ELECTRIC GROUP CO., LTD., and KENWORLD INTERNATIONAL CO., LTD.**

JOHN R. ALTIERI  **Document Electronically Filed**
Attorney at Law
25 East Salem Street
P.O. Box 279
Hackensack, New Jersey 07602-0279
(201) 343-6525

and

PINO & ASSOCIATES, LLP
50 Main Street, 16th Floor
White Plains, New York 10606
(914) 946-0600
**Attorneys for Plaintiffs**
**KENWOOD APPLIANCES LUXEMBOURG, S.A. and**
**DE'LONGHI AMERICA, INC.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------X
KENWOOD APPLIANCES LUXEMBOURG,
S.A. and DE'LONGHI AMERICA, INC.,

        Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., CHINA SINGFUN
ELECTRIC GROUP CO., LTD., and KENWORLD
INTERNATIONAL CO., LTD.,

        Defendants.
------------------------------------X

Civil Action No.: 10-cv-06356 (SRC)(MAS)

**FIRST AMENDED COMPLAINT**

    Plaintiffs, KENWOOD APPLIANCES LUXEMBOURG, S.A. and DE'LONGHI AMERICA, INC., by and through the undersigned counsel, as and for a First Amended Complaint against Defendants, HOME DEPOT U.S.A., INC., CHINA SINGFUN ELECTRIC GROUP CO., LTD., and KENWORLD INTERNATIONAL CO., LTD., allege as follows:

256625.1

## THE PARTIES

1. Kenwood Appliances Luxembourg, S.A. (hereinafter "Kenwood") is a corporation organized and existing under the laws of Luxembourg.

2. De'Longhi America, Inc. (hereinafter "De'Longhi America") is a corporation organized and existing under the laws of the State of Delaware with offices located in the State of New Jersey.

3. Home Depot U.S.A., Inc. (hereinafter "Home Depot") is a corporation organized and existing under the laws of the State of Delaware with offices and retail stores located in the State of New Jersey.

4. China Singfun Electric Group Co., Ltd. (hereinafter "China Singfun") is a Private Limited Company organized and existing under the laws of the People's Republic of China.

5. Kenworld International Co., Ltd. (hereinafter "Kenworld") is a corporation organized and existing under the laws of the United Kingdom.

## JURISDICTION AND VENUE

6. As this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, this Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

7. This action also involves claims premised on New Jersey law, for which jurisdiction is conferred by 28 U.S.C. § 1367(a).

8. This Court can properly exercise personal jurisdiction over all defendants because each transacts substantial business within the State of New Jersey, including but not limited to the sale within the State of New Jersey of the infringing products here at issue.

9. Venue is proper, as to Defendants China Singfun and Kenworld, in accordance with 28 U.S.C. § 1391(d).

10. Venue is proper, as to Defendant Home Depot, in accordance with 28 U.S.C. §§ 1391(b)(2) and 1391(c), because Defendant Home Depot conducts substantial business within this district, sells in this district the Kenworld-branded products here at issue, and is subject to personal jurisdiction with this district.

## FACTS COMMON TO ALL COUNTS

11. Kenwood is the owner of the trademark registration number 3,531,224, for the mark "Kenwood" (hereinafter the "Kenwood Mark"), which was registered November 11, 2008, on the Principal Register maintained by the U.S. Patent & Trademark Office.

12. At all times relevant to this action, De'Longhi America was and is the exclusive distributor in the United States of all products bearing the Kenwood Mark.

13. The Kenwood Mark was first used in 1950 in the United Kingdom (UK) and throughout Europe, in connection with the marketing and sale of the blockbuster product known as the Kenwood Chef, a food mixer. The Kenwood Mark was first registered for this use in the UK on November 19, 1952. The Kenwood Mark was registered for this use in the U.S. on November 7, 1978 (no. 1,105,479). The Kenwood Mark was again registered in the United States on June 9, 1998 (no. 2,164,799), this time not only for use in connection with the food

mixer, but in connection with the acclaimed and ever-expanding line of Kenwood appliances, including food processors, blenders, can openers, juice machines, coffee machines, coffee grinders, clothes irons, ice cream makers, toasters, and electric grills. In connection with the goods just mentioned, the Kenwood Mark has now been in continuous use in the United States since December 1996. Kenwood and its affiliates have expended tens of millions of dollars in promoting and advertising the Kenwood Mark, and have in the process earned an enviable degree of customer recognition, support, and goodwill.

14. Kenwood and De'Longhi America are members of the DeLonghi Group, headed by De'Longhi S.p.A. (hereinafter, "DeLonghi S.p.A.").

15. De'Longhi America is a wholly owned subsidiary of De'Longhi Appliances, S.r.L.

16. De'Longhi Appliances, S.r.L. is a wholly owned subsidiary of De'Longhi S.p.A.

17. De'Longhi S.p.A. acquired Kenwood in 2001, and acquired with it Kenwood's manufacturing plants in China.

18. In early 2003, De'Longhi S.p.A. retained China Singfun, Defendant herein, to manufacture portable space heaters bearing the Kenwood trademark.

19. De'Longhi S.p.A. has sold Kenwood-branded portable space heaters in the U.S., through De'Longhi America as its exclusive distributor, and throughout the world continuously from 2003 through the present.

20. De'Longhi S.p.A., through De'Longhi America as its exclusive distributor, has supplied and sold Kenwood-branded portable space heaters to Home Depot continuously from 2003 through the present.

21. At some point in the year 2010, Home Depot began offering for sale a portable space heater marketed and sold under the "Kenworld" brand.

22. These "Kenworld"-branded heaters are sold in Home Depot stores beside, adjacent to, or near Kenwood-branded heaters. Home Depot advertises, promotes, and sells the Kenworld-branded space heaters on its website, in its print advertisements and circulars, and in its in-store displays.

23. These "Kenworld"-branded heaters are manufactured by Defendant China Singfun, and distributed by Defendant Kenworld.

24. Immediately upon discovering this infringing use on or about November 15, 2010, De'Longhi, S.p.A., on behalf of Kenwood and De'Longhi America, demanded that the defendants cease immediately all sale and use of the infringing "Kenworld" mark and product, and that all "Kenworld"-branded products be removed immediately from Home Depot's shelves. The defendants have failed and refused to do so.

## AS AND FOR A FIRST CLAIM
**(Violation of Section 43(a) of the Lanham Act – Unfair Competition)**

25. Plaintiffs repeat, reiterate, and re-allege all preceding paragraphs of this Amended Complaint, with the same force and effect as if each were fully set forth herein.

26. This claim arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

27. The Kenwood Mark has been, and continues to be, known throughout the United States and the world as identifying and distinguishing Plaintiffs' goods in the small appliance and space heater market.

28. The Kenwood Mark is inherently distinctive, and is well known throughout the world as a signifier of the exceptional products manufactured and sold by Plaintiffs and their affiliates.

29. Without the authorization or consent of Plaintiffs, and with full knowledge of Plaintiffs' rights in and to the Kenwood Mark, Defendants have used, and continue to use, a mark that is confusingly similar to, and is a colorable imitation of, the Kenwood Mark.

30. Without the authorization or consent of Plaintiffs, and with full knowledge of Plaintiffs' rights in and to the Kenwood Mark, Defendant Home Depot has sold, and continues to sell, a product confusingly similar to the products bearing the Kenwood Mark.

31. Defendants China Singfun and Kenworld knew that their adoption and use of the "Kenworld" mark would cause or be likely to cause confusion or mistake among the public as to the source, affiliation, or origin of their goods. Indeed, having previously manufactured space heaters bearing the Kenwood Mark for DeLonghi S.p.A., China Singfun's adoption and use of the confusingly similar "Kenworld" brand – on the very same product - reveals an intent to deceptively mislead consumers.

32. Defendant Home Depot has since 2003 contracted with DeLonghi America for DeLonghi America to supply portable space heaters bearing the Kenwood Mark for sale at Home Depot stores. Defendant Home Depot knew that Defendant China Singfun had previously manufactured space heaters bearing the Kenwood Mark for DeLonghi S.p.A.; indeed, Defendant Home Depot had previously sold within its stores space heaters bearing the Kenwood Mark manufactured by Defendant China Singfun. Notwithstanding this knowledge, and notwithstanding its longstanding relationship with Kenwood and DeLonghi S.p.A., Defendant

Home Depot agreed to and did contract with Defendant China Singfun for Home Depot to sell within its stores the infringing "Kenworld"-branded space heaters, and for Home Depot to advertise and promote the infringing "Kenworld"-branded space heaters.

33. The use of this "Kenworld" mark has caused, and will continue to cause, confusion, mistake, or deception among the general public as to the source or origin of the subject space heaters. Defendants' conduct is likely to deceive the general public into believing that the infringing goods originate from, are associated with, or are otherwise authorized by Plaintiffs, rendering Defendants liable pursuant to § 43(a) of the Federal Trademark (Lanham) Act of 1946 as amended (15 U.S.C.A. § 1125(a)).

34. By using in connection with this product a mark that is confusingly similar to the Kenwood Mark, Defendants are depriving Plaintiffs of their exclusive right to control and benefit from this trademark, and their exclusive right to sell products bearing the Kenwood Mark.

35. Plaintiffs have been, and continue to be, damaged by the Defendants' activities and conduct. Defendants have wrongly profited thereby and, unless their infringing conduct is enjoined, Plaintiffs' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

36. The intentional nature of the aforementioned acts of the Defendants makes this an exceptional case, pursuant to 15 U.S.C.A. § 1117(a).

### AS AND FOR A SECOND CLAIM
**(Injunctive Relief under Federal Law)**

37. Plaintiffs repeat, reiterate, and re-allege all preceding paragraphs of this Amended Complaint, with the same force and effect as if each were fully set forth herein.

38. The Mark is famous within the meaning of 15 U.S.C. § 1125(c).

39. Defendants' use of the "Kenworld" mark and trade name is likely to cause dilution by blurring of the Kenwood Mark.

40. Defendants' use of the "Kenworld" mark and trade name is likely to decrease the distinctiveness and value of the Kenwood Mark, and the reputation and goodwill of the Plaintiffs and their affiliates.

41. Plaintiffs have no adequate remedy at law for the aforementioned damages. Plaintiffs have suffered irreparable damage already, and will continue to suffer irreparable damage, unless and until an injunction is issued.

## AS AND FOR A THIRD CLAIM
### (Injunctive Relief under New Jersey State Law)

42. Plaintiffs repeat, reiterate, and re-allege all preceding paragraphs of this Amended Complaint, with the same force and effect as if each were fully set forth herein.

43. This cause of action involves a claim premised on New Jersey law, for which jurisdiction is conferred by 28 U.S.C. § 1367(a).

44. Since 2003, Plaintiffs have marketed, distributed, delivered, and sold their portable space heater product bearing the Kenwood Mark throughout New Jersey, and throughout the other States. The Kenwood Mark is prominently displayed on the product, on the product packaging, and in the product promotional and advertising materials. The Kenwood Mark is used to distinguish Plaintiffs' product from that of other manufacturers and sellers.

45. Defendants' use of the "Kenworld" mark and trade name constitutes an intentional infringement of Plaintiffs' Kenwood Mark, in violation of N.J.S.A. § 56:3-13.16, and further constitutes unlawful dilution of Plaintiffs' Kenwood Mark, under N.J.S.A. § 56:3-13.20.

46. Plaintiffs have no adequate remedy at law for the aforementioned damages. Plaintiffs have suffered irreparable damage already, and will continue to suffer irreparable damage, unless and until an injunction is issued.

## AS AND FOR A FOURTH CLAIM
### (Violation of New Jersey State Law - Unfair Competition)

47. Plaintiffs repeat, reiterate, and re-allege all preceding paragraphs of this Amended Complaint, with the same force and effect as if each were fully set forth herein.

48. This cause of action involves a claim premised on New Jersey law, for which jurisdiction is conferred by 28 U.S.C. § 1367(a).

49. With knowledge of, and indifference to, Plaintiff's exclusive interest in the Kenwood Mark, Defendants have marketed, distributed, delivered, sold, advertised, and promoted (or caused to be marketed, distributed, delivered, sold, advertised, and promoted) within the State of New Jersey, and elsewhere, a product bearing a mark confusingly similar to the Plaintiffs' Mark, and have thereby appropriated for their own use the reputation and goodwill imbued in Plaintiffs' Kenwood Mark.

50. The actions of Defendants were committed with the intention of passing off or palming off the offending "Kenworld" product as if such product were that of Plaintiffs, or were sponsored or endorsed by Plaintiffs, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of New Jersey.

51. Defendants' acts constitute unfair trade practices, unfair competition, and trademark infringement, pursuant to N.J.S.A. §56:4-1, *et seq.*, and under the common law of the State of New Jersey.

## DEMAND FOR RELIEF

**WHEREFORE**, Kenwood is entitled to, and does hereby respectfully demand, judgment in its favor on all counts, providing for the following relief:

(i) preliminarily and permanently enjoining Defendants, and their affiliates, agents, parents, subsidiaries, representatives, successors, predecessors, and assigns, from selling, distributing, advertising, promoting, delivering, shipping, or otherwise placing in the stream of commerce any space heater products bearing the infringing "Kenworld" mark;

(ii) preliminarily and permanently enjoining Defendants, and their affiliates, agents, parents, subsidiaries, representatives, successors, predecessors, and assigns, from selling, distributing, advertising, promoting, delivering, shipping, or otherwise placing in the stream of commerce any other products bearing the infringing "Kenworld" mark, including especially any products within the same class or category of goods;

(iii) an accounting of all of the profits derived by all Defendants from the unlawful use of this "Kenworld" mark, and an award of said profits to Plaintiffs;

(iv) an award of all actual damages incurred by Plaintiffs, plus the award of three times Plaintiffs' actual damages;

(v) an award of Plaintiffs' reasonable attorneys' fees;

(vi) an award of applicable pre-judgment interest and court costs; and

(vii) such other and further relief as the Court deems necessary, just, and proper.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I certify that the matter in controversy is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.

Dated: Hackensack, New Jersey
       June 13, 2011

                          /s/ John R. Altieri
                          JOHN R. ALTIERI

                          -and-

PINO & ASSOCIATES, LLP
Westchester Financial Center
50 Main Street, 16th Floor
White Plains, New York 10606
Telephone: (914) 946-0600
Facsimile: (914) 946-0650
**Attorneys for Plaintiffs**
**KENWOOD APPLIANCES LUXEMBOURG, S.A. and DE'LONGHI AMERICA, INC.**