UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------ X
KENWOOD APPLIANCES LUXEMBOURG, : DOCUMENT ELECTRONICALLY FILED
S.A., and DE'LONGHI AMERICA, INC., :
                                                                  :
                            Plaintiffs,       :    CIVIL ACTION NO.: 2:10-cv-06356-SRC -
                                                                  :    MAS
            vs.                                                :
                                                                  :
HOME DEPOT U.S.A., INC., CHINA SINGFUN :
ELECTRIC GROUP CO., LTD., KENWORLD  :    HOME DEPOT'S ANSWER TO THE
INTERNATIONAL CO., LTD.,                   :    FIRST AMENDED COMPLAINT
                                                                  :
                                                                  :
                            Defendants.       :
------------------------------------------------------------ X

For its Answer to the First Amended Complaint (the "First Amended Complaint") of Kenwood Appliances Luxembourg, S.A. ("Kenwood") and De'Longhi America, Inc. ("De'Longhi") (collectively, "Plaintiffs"), defendant Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, states as follows:

## THE PARTIES

1.  Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the First Amended Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the First Amended Complaint.

3.  Denies the allegations in Paragraph 3 of the First Amended Complaint, except admits that Home Depot is a corporation organized and existing under the laws of Delaware with retail stores located in the state of New Jersey and one divisional office in South

1

Plainfield, NJ.  Home Depot further avers that its principal executive offices are located in Atlanta, Georgia and that its South Plainfield location is used only sporadically and mainly for training purposes.

4.	Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the First Amended Complaint.

5.	Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the First Amended Complaint.

## JURISDICTION AND VENUE

6.	Admits that Plaintiffs purport to rely on the statutes cited in Paragraph 6 of the First Amended Complaint, but denies the remaining allegations in Paragraph 6 of the First Amended Complaint.

7.	Admits that Plaintiffs purport to rely on the statute cited in Paragraph 7 of the First Amended Complaint, but denies the remaining allegations in Paragraph 7 of the First Amended Complaint.

8.	Admits that Home Depot conducts business within the State of New Jersey, but otherwise denies the allegations in Paragraph 8 of the First Amended Complaint and denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the First Amended Complaint regarding China Singfun Electric Group Co., Ltd. ("China Singfun") and Kenworld International Co., Ltd. ("Kenworld International").

9. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the First Amended Complaint.

10. Admits that Plaintiffs purport to rely on the statutes cited in Paragraph 10 of the First Amended Complaint and that Home Depot conducts business and has sold Kenworld-branded products in this district, but otherwise denies the allegations in Paragraph 10 of the First Amended Complaint.

## FACTS COMMON TO ALL COUNTS

11. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the First Amended Complaint, except admits that Kenwood is listed as the owner of the trademark registration numbered 3,531,224 and avers that the trademark registration does not include space heaters.

12. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the First Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the First Amended Complaint and avers that trademark registration no. 1,105,479 and trademark registration no. 2,164,799 are no longer active.

14. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the First Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the First Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the First Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the First Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the First Amended Complaint.

20. Denies the allegations in Paragraph 20 of the First Amended Complaint, except admits that Home Depot has sold Kenwood-branded portable space heaters from 2003 through 2011.

21. Admits that the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Denies the allegations in Paragraph 22 of the First Amended Complaint, except admits that Home Depot sold Kenworld-branded heaters in stores along with other portable space heaters, including Kenwood-branded heaters and that Kenworld-branded heaters were offered for sale on the Home Depot website.

23. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the First Amended Complaint, except admits that the Kenworld-branded heaters are manufactured by China Singfun.

24. Denies the allegations in Paragraph 24 of the First Amended Complaint, except admits that DeLonghi demanded that Home Depot cease and desist from using the Kenworld Mark and remove all Kenworld-branded products from Home Depot's shelves.

## FIRST CLAIM

25. Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

26. Denies the allegations contained in Paragraph 26 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

27. Denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Denies the allegations contained in Paragraph 28 of the First Amended Complaint.

29. Denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30. Denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the First Amended Complaint.

32. Denies the allegations contained in Paragraph 32 of the First Amended Complaint, except admits that beginning in 2010, Home Depot sold Kenworld-branded space heaters manufactured by China Singfun.

33. Denies the allegations contained in the first sentence of Paragraph 33 of the First Amended Complaint, and denies the allegations contained in the second sentence of Paragraph 33 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

34. Denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35. Denies the allegations contained in Paragraph 35 of the First Amended Complaint or that Plaintiffs have been damaged or harmed in any manner whatsoever or that Plaintiffs are entitled to any remedy whatsoever.

36. Denies the allegations contained in Paragraph 36 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

## SECOND CLAIM

37. Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

38. Denies the allegations contained in Paragraph 38 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

39. Denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40. Denies the allegations contained in Paragraph 40 of the First Amended Complaint.

41. Denies the allegations contained in Paragraph 41 of the First Amended Complaint or that Plaintiffs have been damaged or harmed in any manner whatsoever or that Plaintiffs are entitled to any remedy whatsoever.

### THIRD CLAIM

42. Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

43. Denies the allegations contained in Paragraph 43 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

44. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the First Amended Complaint.

45. Denies the allegations contained in Paragraph 45 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

46. Denies the allegations contained in Paragraph 46 of the First Amended Complaint or that Kenwood has been damaged or harmed in any manner whatsoever or that Kenwood is entitled to any remedy whatsoever.

## FOURTH CLAIM

47. Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

48. Denies the allegations contained in Paragraph 48 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

49. Denies the allegations contained in Paragraph 49 of the First Amended Complaint.

50. Denies the allegations contained in Paragraph 50 of the First Amended Complaint, expect to the extent that the allegations in Paragraph 50 are legal conclusions to which no response is required.

51. Denies the allegations contained in Paragraph 51 of the First Amended Complaint because they consist of legal conclusions to which no response is required.

## ANSWER TO DEMAND FOR RELIEF

Home Depot denies that Plaintiffs are entitled to the relief requested or to any relief, and denies all other allegations of the First Amended Complaint except as specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' First Amended Complaint, in whole or part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs have suffered no damages.

## THIRD DEFENSE

Plaintiffs cannot demonstrate any likelihood that the public has been confused as to source or affiliation.

## FOURTH DEFENSE

The public does not associate Kenworld-branded space heaters with Plaintiffs.

## FIFTH DEFENSE

Plaintiffs cannot demonstrate that Defendant's use of the Kenworld Mark is likely to cause dilution by blurring or tarnishment.

### SIXTH DEFENSE

Plaintiffs cannot demonstrate that the Kenwood Mark used on space heaters is famous within the meaning of 15 U.S.C. § 1125(c).

### SEVENTH DEFENSE

Plaintiffs are estopped from claiming any harm or damages.

### EIGHTH DEFENSE

Plaintiffs' First Amended Complaint is barred, in whole or in part, by the doctrine of laches.

### NINTH DEFENSE

Plaintiffs' First Amended Complaint is barred, in whole or in part, by the doctrine of acquiescence.

### TENTH DEFENSE

Home Depot adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that Home Depot may share in or be entitled to assert such defense.

### ELEVENTH DEFENSE

Plaintiffs' demand for injunctive relief is moot.

**WHEREFORE**, Home Depot respectfully requests judgment dismissing the First Amended Complaint in its entirety and awarding it its costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael R. Potenza\_\_\_

Bruce P. Keller
bpkeller@debevoise.com
Michael Potenza
mpotenza@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel:  (212) 909-6000

*Attorneys for Defendant Home Depot U.S.A., Inc.*

Dated:  July 8, 2011

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------------- X
KENWOOD APPLIANCES LUXEMBOURG, : **DOCUMENT ELECTRONICALLY FILED**
S.A., and DE'LONGHI AMERICA, INC., :
:
                  Plaintiffs, : CIVIL ACTION NO.: 2:10-cv-06356-SRC -
: MAS
      vs. :
:
HOME DEPOT U.S.A., INC., CHINA SINGFUN :
ELECTRIC GROUP CO., LTD., KENWORLD : **CERTIFICATION OF SERVICE**
INTERNATIONAL CO., LTD., :
:
:
                  Defendants. :
--------------------------------------------------------- X

      I hereby certify that on this 8th day of July, 2011, I served the Answer of Defendant Home Depot U.S.A., Inc. to Plaintiffs' First Amended Complaint electronically on:

        John R. Altieri, Esq.
        Attorney at Law
        25 East Salem Street
        P.O. Box 279
        Hackensack, New Jersey  07602-0279

        Brian Patrick Mitchell
        Pino & Associates, LLP
        50 Main Street, 16th Floor
        White Plains, NY  10606

      I hereby certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                      /s/ Michael R. Potenza
                                      MICHAEL R. POTENZA

Dated:  July 8, 2011